**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DORIAN WILLIAMS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:22-cv-00732-HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on review of movant Dorian Williams's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1). Having reviewed the motion, and for the reasons set forth below, the Court will deny and dismiss the motion because it is successive, and because movant has not sought authorization for this Court to consider the application from the United States Court of Appeals for the Eighth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A).

### Background

Movant is a self-represented litigant who is currently an inmate at the United States Medical Center for Federal Prisoners in Springfield, Missouri. On March 31, 2010, he was indicted for conveying false information concerning a commercial aircraft bombing in violation of 18 U.S.C. § 35(b), and for conveying a false telephone threat to kill and injure individuals and damage and destroy property by means of an explosive in violation of 18 U.S.C. § 844(e). *United States v. Williams*, No. 4:10-cr-194-HEA-1 (E.D. Mo.). Following a jury trial, movant was convicted on both counts. On November 21, 2011, he was sentenced to a total term of 100 months' imprisonment and three years' supervised release.

Movant filed a notice of appeal on November 28, 2011. The United States Court of Appeals for the Eighth Circuit affirmed the judgment on August 30, 2012. *United States v. Williams*, 690 F.3d 1056, 1069 (8th Cir. 2012). On November 27, 2012, movant filed a petition for writ of certiorari with the United States Supreme Court, which was placed on the docket on November 29, 2012. *Williams v. United States*, No. 12-7504 (2012). The petition was denied on March 4, 2013.

On June 18, 2014, movant's attorney filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Williams v. United States*, No. 4:14-cv-1107-HEA (E.D. Mo.). The motion argued that movant had been improperly sentenced under the Career Offender Guideline. The motion was filed beyond the one-year statute of limitations,[1] but movant asserted that *Descamps v. United States*, 570 U.S. 254 (2013), made a new rule of constitutional law "retroactive to cases on collateral review." The Court denied the motion on June 16, 2017. Movant did not file an appeal.

Movant filed the instant 28 U.S.C. § 2255 motion on July 6, 2022, by placing it in his prison's mailing system.[2]

---

[1] Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). In practice, this "usually means that a prisoner must file a motion within one year of the date on which the judgment of conviction becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019). If movant has filed a petition for writ of certiorari, the denial of such petition by the United States Supreme Court fixes the point of finality for his or her conviction. *See United States v. McIntosh*, 332 F.3d 550, 550 (8th Cir. 2003). Here, movant's petition for writ of certiorari was denied on March 4, 2013, giving him until March 4, 2014, to timely file a § 2255 motion. He did not file his first § 2255 motion until June 18, 2014, three months and fourteen days late. However, 28 U.S.C. § 2255(f)(3) also provides for a one-year limitations period from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

[2] Under the prison mailbox rule, a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

**The Motion**

Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence is typewritten on a Court-provided form. In the motion, he challenges his conviction in *United States v. Williams*, No. 4:10-cr-194-HEA. (Docket No. 1 at 1).

The motion contains one ground for relief, alleging a failure to hold a competency hearing. (Docket No. 1 at 4). Specifically, movant states that "the trial court never conducted a competency evaluation when there was substantial evidence" of him "being incompetent to stand trial." (Docket No. 1 at 13). He also accuses the prosecutor of violating his "right to due process by not giving him a competency evaluation prior to his July 25, 2011 jury trial." Likewise, movant asserts that his trial counsel was ineffective for this same reason. (Docket No. 1 at 14).

Based on the failure to hold a competency hearing, movant asks the Court to order a new trial. (Docket No. 1 at 12).

The Court notes that movant acknowledges filing an earlier 28 U.S.C. § 2255 motion in *Williams v. United States*, No. 4:14-cv-1107-HEA. (Docket No. 1 at 3). According to movant, the motion was denied because the defendant "argued that Descamps is inapplicable because § 844(e) is a divisible statute." (Docket No. 1 at 4).

**Discussion**

Movant is a self-represented litigant who has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court is required to undertake a preliminary review of the motion before directing the United States to respond. Having reviewed the motion, and for the reasons discussed below, movant's § 2255 motion must be denied and dismissed as successive.

3

### A. Successiveness

A district court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Rather, under the Antiterrorism and Effective Death Penalty Act of 1996, a federal inmate seeking relief under 28 U.S.C. § 2255 must first receive certification from the court of appeals to file a second or successive motion. *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019). *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

An inmate cannot evade this rule "by simply filing a successive [28 U.S.C.] § 2255 motion in the district court." *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition"). Instead, it is up to the Court of Appeals to determine whether movant has made a prima facie case that he has satisfied the requirements of § 2255. *See Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015).

Here, as discussed above, movant filed a prior 28 U.S.C. § 2255 motion on June 18, 2014. It was denied on the merits on June 16, 2017. The instant motion is therefore a second § 2255 motion. Before movant can bring a second or successive § 2255 motion in this Court, he must receive authorization from the United States Court of Appeals for the Eighth Circuit. Movant has

not sought or received such authorization. Therefore, the motion must be denied, and this action dismissed.

### B. Summary Dismissal

Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must dismiss a motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." As discussed above, it is plainly apparent that movant's 28 U.S.C. § 2255 motion is successive, and that movant has not sought or received authorization from the court of appeals for an order allowing this Court to consider the application. Thus, the Court cannot entertain movant's request for relief. As such, the motion will be denied and this action dismissed.

### C. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a proceeding under section 2255"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Docket No. 1) is **DENIED AND DISMISSED AS SUCCESSIVE**. *See* 28 U.S.C. § 2244(b)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability.

Dated this 19th day of July, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE